Arthur BURAS, Plaintiff,

v.

SHELL OIL COMPANY, Boater, Inc., Boatmaster, Inc., Bon Amis Boats, Inc., Defendants.

Civ. A. No. 78–3532.

United States District Court, E. D. Louisiana.

Oct. 25, 1979.

Kevin A. Galatas, Baton Rouge, La., for plaintiff.

James E. Blazek, New Orleans, La., for defendant Shell Oil Co.

James G. Burke, Jr., Joseph P. Tynan, New Orleans, La., for defendants Boater, Inc. & Boatmaster, Inc.

## MOTION FOR PARTIAL SUMMARY JUDGMENT

CASSIBRY, District Judge:

Plaintiff has brought this action as a result of an injury he alleges he sustained

on a vessel, the M/V DELTA MOON, near a Shell Oil Co. ("Shell") rig in the Gulf. Plaintiff was the employee of Boatmaster, Inc., as the pilot of the M/V DELTA MOON, a 40-foot crewboat owned by Boater, Inc. and operated by Boatmaster. Boater was hired by Shell to provide certain transportation services between Shell's rigs and between Shell vessels in the Gulf. At the time of the alleged accident, the vessel was tied up at a Shell platform in Main Pass Block 35. A Shell supervisor told Mr. Buras that he would have to move the vessel. Mr. Buras told the supervisor that he could not do so alone because the seas were too rough, and the supervisor told Mr. Buras that he would send help. Mr. Buras waited a while and then attempted to move the vessel himself. Mr. Buras claims that at this point a large swell hit the vessel and he was knocked to the deck and injured.

Shell brings this motion for partial summary judgment for the first cause of action in plaintiff's complaint, the cause for unseaworthiness. Shell contends that since it was not the owner, operator, or bareboat charterer of the vessel, nor was Mr. Buras Shell's employee, it cannot be held liable for unseaworthiness.

The duty of maintaining a seaworthy vessel is the nondelegable duty of the owner of the vessel. *See Seas Shipping Co. v. Sieracki*, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946); *Mahnich v. Southern S.S. Co.*, 321 U.S. 96, 64 S.Ct. 455, 88 L.Ed. 561 (1944). Nevertheless, under some circumstances, if sufficient control of a vessel is turned over to one who is not the direct owner of the vessel, that person will be deemed the owner pro hac vice of the vessel and responsible for its seaworthiness. *Reed v. Steamship Yaka*, 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448 (1963); *Leary v. United States*, 81 U.S. (14 Wall.) 607, 20 L.Ed. 756 (1972); *Reed v. United States*, 78 U.S. (11 Wall.) 591, 20 L.Ed. 220 (1871); *Eskine v. United Barge Company*, 484 F.2d 1194 (5th Cir. 1973). The Supreme Court has held that to create a demise, the owner of the vessel must completely and exclusively relinquish "possession, command, and navi-

gation" of the vessel to the demisee. *Guzman v. Pichirilo*, 369 U.S. 698, 699, 82 S.Ct. 1095, 8 L.Ed.2d 205 (1962). In *Guzman*, although the purported demisee claimed it had control of the vessel, the Supreme Court upheld the finding of the trial court that the captain of the vessel was employed by the owner and the owner was in possession and control of the vessel. There was, therefore, no transfer of ownership duties.

There is some evidence in this case, that while the M/V DELTA MOON was at the platform, Mr. Buras was under the direct supervision of the Shell supervisors. In at least one case, where there was no evidence of ownership of a barge presented, the court of appeals nevertheless upheld a finding of ownership pro hac vice where enough evidence was presented that during the particular operation the demisee had full charge of the vessel. *Eskine v. United Barge Company*, 484 F.2d 1194 (5th Cir. 1973). In *Eskine*, the employer moved the barge, tied it to the dock, controlled it during loading, and would have moved it after loading. The court found the employer to be the owner pro hac vice regardless of the absence of evidence of a contract between the employer and the owner of the barge.

On the other hand, in the instant case, there is a written contract defining the duties as between Boater, Inc. and Shell. The contract specifically provides that Boater, Inc. will equip, maintain in a seaworthy condition, and man all vessels used to transport Shell personnel. The contract also provides that the vessel will be manned by the contractor (Boater) and be subject to the contractor's control. Such a contract is inconsistent with a bareboat charter or a condition of ownership pro hac vice. The Supreme Court has said that where a written contract is involved, the result turns on construction of the terms of the contract. *Leary v. United States*, 81 U.S. (14 Wall.) 607, 20 L.Ed. 756 (1872). The Court stated:

If the charter-party let the entire vessel to the charterer with a transfer to him of its command and possession and consequent control over its navigation, he will

generally be considered as owner for the voyage or service stipulated. But, on the other hand, if the charter-party let only the use of the vessel, the owner at the same time retaining its command and possession, and control over its navigation, the charterer is regarded as a mere contractor for a designated service, and the duties and responsibilities of the owner are not changed.

*Leary* at 610.

■ The latter is clearly the situation in the case at bar. Shell let use of the vessel, but command, possession, and control remained in Boater, Inc. and Boatmaster, Inc. Buras was Boatmaster's employee. His only testimony as to Shell's control of the vessel was that Shell supervisors told him where to go and when. Thus while I would be hesitant to decide exclusively on the terms of the contract in the face of de facto evidence to the contrary, there is no testimony that Buras ever relinquished any measure of control over command and navigation of the vessel to Shell. Shell, then, can be considered merely a contractor for the transportation services provided by Boater and Boatmaster, as the contract provides.

Under these circumstances, there are no issues of material fact in dispute, and Shell had no duty to maintain the seaworthiness of the vessel.

IT IS ORDERED that defendant Shell Oil Co. be granted partial summary judgment against plaintiff for the first cause of action in the complaint.